# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4485 | **DATE** | 9/4/2002 |
| **CASE TITLE** | Fischer International etc. Vs. Hyundai Merchant Marine etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants remanded the case and now move to dismiss, contending that the claim had to be brought within one year. That motion, considered as a motion for summary judgment, is granted, and the complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 05 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FISCHER INTERNATIONAL FORWARDERS, INC., )
an Illinois corporation, )
)
Plaintiff, )
)
vs. ) No. 02 C 4485
)
HYUNDAI MERCHANT MARINE CO., LTD., et al., )
)
Defendants. )

DOCKETED
SEP 0 5 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff sued a Hyundai corporation in state court because, it claims, a shipment of kitchen equipment was supposed to go from California to China so as to be delivered by a certain date, and it was not so shipped. Plaintiff therefore had to air freight the equipment at a cost of $18,621.64. The relevant time frame was spring 1999. As it turned out, plaintiff had sued the wrong Hyundai corporation, and it dismissed that claim on March 7, 2002. It tried again, suing the defendants in state court on May 21, 2002, about three years after the dispute arose. Defendants remanded the case and now move to dismiss, contending that the claim had to be brought within one year. That motion, considered as a motion for summary judgment, is granted, and the complaint is dismissed.

The complaint focuses on what happened in California. Plaintiff alleges that a bill of lading was issued showing that the goods were loaded on a ship there, and they had not been. Thus, plaintiff asserts, the wrong occurred before any international transport. Accordingly, they argue, there never should have been a bill of lading and it is relying upon an oral commitment to get the goods to the ship. Therefore, the Carriage of Goods by Sea Act

(COGSA). 46 U.S.C. §1300, *et seq.*, with its one-year requirement for suit after intended date of delivery, 46 U.S.C. §1303(6), does not apply. It contends that it is entitled to allege a state law contract claim, which should be heard in state court, and it has done so.

But a plaintiff cannot assert a state law claim, thus avoiding federal jurisdiction, if the dispute is necessarily controlled by federal law. And here COGSA controls. In so determining, we recognize that we are relying upon facts that do not appear in the complaint (although many implicitly do because they are contained in the bill of lading referenced by plaintiff), so that the motion has become one for summary judgment. The parties do not appear, however, to have any dispute about the underlying facts, and we take them at their word.

Plaintiff, an international freight forwarder engaged in the shipping of goods and merchandise throughout the world, had used Hyundai (we refer to both defendants as "Hyundai" as a matter of convenience) as the shipper frequently in the past. In this instance Hyundai, for $2,000, was to arrange for carrying the equipment from LaVergne, Tennessee to San Pedro, California, where it was to be loaded on the APL China for discharge in Hong Kong, and delivery thereafter to Lian Hau Shan, China. Unfortunately, the trucking carrier that was supposed to take the equipment to the train in Tennessee failed to do so, and thus the equipment never made it to the vessel in California.

While the COGSA, by its terms, applies port-to-port, it can be extended to the entire period during which the carrier has custody, Sea-Land Service, Inc. v. Lozen International, LLC, 285 F.3d 808 (9th Cir. 2002); Expeditors International of Washington, Inc. v. Crowley American Transport, Inc., 117 F.Supp.2d 663 (S.D. Ohio 2000); Tokio Marine & Fire

Insurance, Ltd. v. Hyundai Merchant Marine Co., Ltd., 717 F.Supp. 1307 (N.D.Ill. 1989). The terms of COGSA were extended to the land portions of the carriage here by the bill of lading. Plaintiff, moreover, was familiar with those terms because of its past dealings with defendants. *See* Sea-Land Service, Inc. v. Lozen International, LLC. *supra*; Garnay, Inc. v. MV Linda Maersk. 816 F.Supp. 888 (S.D.N.Y. 1993). State law may apply if the alleged wrong occurred after the carriage had come to an end, Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F.3d 58 (5th Cir. 1994); Pine Street Trading Corp. v. Farrell Lines, Inc., 364 A.2d 1103 (Md. 1976), but that is not what happened here.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 4, 2002.